IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs November 19, 2001

## RICKY W. McELHANEY v. HOWARD B. BARNWELL

**Appeal from the Chancery Court for Hamilton County**
**No. 98-1218     Howell N. Peoples, Chancellor By Interchange**

**FILED JANUARY 14, 2002**

**No. E2000-02748-COA-F3-CV**

**DISSENTING OPINION**

As the majority opinion acknowledges, the General Assembly repealed "one of two methods that existed for a person to initiate disciplinary proceedings against an attorney licensed to practice in Tennessee." "Method" was the way the Supreme Court described the Statute in *Story v. Nichols.*[1]  The other method remains in force and entitles an individual to substantially the same rights that existed under the repealed statute. *See* Tenn. R. Supp. S.Ct. 9, §1.3.  Most importantly, the Repeal did not abolish the right to seek discipline against attorneys.

The Chancellor, in my view, in sound exercise of discretion dismissed this case, because the Statute abolished this method of proceeding.  The  plaintiff may employ the other "method", which he has to pursue his disciplinary action against the defendant.

HERSCHEL PICKENS FRANKS, J.

---

[1]"Method" is defined in The Oxford American Dictionary as "a procedure or way of doing something."